**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRAXTON CHEYANNE GARCIA,<br><br>      Plaintiff,<br><br>v.<br><br>WASHOE COUNTY, et al.,<br><br>      Defendants. | 3:20-cv-00688-RCJ-CLB<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiff Braxton Cheyanne Garcia's ("Garcia"), application to proceed *in forma pauperis* (ECF No. 3), his *pro se* civil rights complaint (ECF No. 1-1), and his motion for appointment of counsel (ECF No. 1-2). For the reasons stated below, the court recommends that Garcia's *in forma pauperis* application (ECF No. 3) be granted, his complaint (ECF No. 1-1) be dismissed, with prejudice, and his motion for appointment of counsel (ECF No. 1-2) be denied as moot.

**I. *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial

---

[1] This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Garcia cannot pay the filing fee; therefore, the court recommends that the application (ECF No. 3) be granted.

## II.   SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that

1  the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679
2  (2009).  The complaint need not contain detailed factual allegations, but must offer more
3  than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief
4  above a speculative level." *Twombly*, 550 U.S. at 555.  Particular care is taken in reviewing
5  the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not
6  represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal
7  construction may not be used to supply an essential element of the claim not initially pled.
8  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  If dismissal is appropriate, a *pro se*
9  plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless
10 it is clear that those deficiencies cannot be cured.  *Cato v. United States*, 70 F.3d 1103,
11 1107 (9th Cir. 1995).

12 **III.    SCREENING OF COMPLAINT**

13         In his complaint, Garcia sues Defendants Washoe County Judge Jim Pearson,
14 Washoe County Judge Lynn K. Simons, Washoe County Public Defender Erica Flavin, and
15 Washoe County Public Defender Jim Lesley under 42 U.S.C. § 1983.  (*See* ECF No. 1-1.)
16 The complaint relates to Garcia's pending state criminal case.  (*Id.*)  Garcia alleges that the
17 public defender defendants violated his "right to guaranteed counsel" and he received
18 ineffective assistance of counsel and Garcia further alleges that the judicial defendants were
19 "openly biased, unethical, and malicious."  (*Id.*)  Garcia seeks monetary relief as well as
20 dismissal of his pending criminal case.  (*Id.* at 9.)

21         It appears that Garcia is asking the court to intervene in ongoing state criminal
22 proceedings.  However, the *Younger* abstention doctrine prevents federal courts from
23 interfering with pending state criminal proceedings that are "(1) ongoing, (2) implicate
24 important state interests, and (3) provide an adequate opportunity… to raise constitutional
25 challenges."  *Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019) (internal
26 quotation marks omitted); *see also Younger v. Harris*, 401 U.S. 37 (1971).  The Ninth Circuit
27 also requires that "[t]he requested relief must seek to enjoin—or have the practical effect of

enjoining—ongoing state proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (citing *AmehsourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007)).  Because it appears Garcia's criminal case is still pending, all prerequisites of the *Younger* abstention doctrine are present.  Garcia is the subject of an ongoing criminal proceeding in state court that has not reached final adjudication.  The State of Nevada has an important interest in protecting the public through the prosecution of criminal proceedings.  Further, the state court criminal proceedings would afford an opportunity for Garcia to raise the constitutional claims asserted in the Complaint.

Additionally, the court notes that Defendants Judge Pearson and Judge Simons are absolutely immune from suit under § 1983.  *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) ("Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts…. A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature.").

Accordingly, the court recommends that Garcia's complaint be dismissed, with prejudice, as amendment would be futile.  *See Cato*, 70 F.3d at 1107.

Further, the court recommends that Garcia's motion for appointment of counsel (ECF No. 1-2) be denied as moot based on this Report and Recommendation.

**IV.     CONCLUSION**

For the reasons articulated above, the court recommends that Garcia's application to proceed *in forma pauperis* (ECF No. 3) be granted, his complaint (ECF No. 1-1) be dismissed, with prejudice, and his motion for appointment of counsel (ECF No. 1-2) be denied as moot.

The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to

Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Garcia's application to proceed *in forma pauperis* (ECF No. 3) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Garcia's complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that Garcia's complaint (ECF No. 1-1) be **DISMISSED, WITH PREJUDICE**; and,

**IT IS FURTHER RECOMMENDED** that Garcia's motion for appointment of counsel (ECF No. 1-2) be **DENIED AS MOOT**.

**DATED:** January 14, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**